**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN D. JENKINS, | Civil No. 06-0521 (SRC) |
| Petitioner, | |
| v. | **O P I N I O N** |
| RONALD H. CATHEL, et al., | |
| Respondents. | |

**APPEARANCES:**

    WARREN D. JENKINS, #316066B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625
    Petitioner <u>pro se</u>

    SARA A. FRIEDMAN, ASSISTANT PROSECUTOR
    PAULA T. DOW, ESSEX COUNTY PROSECUTOR
    Essex County Courts Building
    Newark, New Jersey 07102
    Attorneys for Respondents

**CHESLER, District Judge**

    Warren D. Jenkins filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey. Respondents filed an Answer, arguing that the Petition should be dismissed. For the reasons expressed below, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered on March 26, 1998, in the Superior Court of New Jersey, Law Division, Essex County, after a jury convicted him of second degree possession of a weapon for an unlawful purpose, second degree robbery, and third degree theft of a motor vehicle. The Law Division granted the state's motion for a mandatory extended term under the Graves Act, and sentenced Petitioner to an aggregate 30-year sentence, with 15 years of parole ineligibility. Petitioner appealed, arguing that the weapons conviction should be reversed due to an inconsistent verdict, and that the sentence was excessive because the trial court imposed the maximum extended term and a consecutive sentence. In an opinion filed July 18, 2000, the Appellate Division of the Superior Court of New Jersey affirmed. State v. Jenkins, No. A-818-98T4 (App. Div. July 18, 2000). On November 22, 2000, the Supreme Court of New Jersey denied certification. State v. Jenkins, 165 N.J. 679 (2000) (table).

On January 24, 2001, Petitioner handed his pro se petition for post-conviction relief to prison officials for mailing to the Law Division. Petitioner claimed that the prosecutor's comments throughout the case denied him a fair trial, trial and appellate counsel rendered ineffective assistance, and an evidentiary hearing was warranted. On October 27, 2003, the Law Division denied relief in an order and accompanying opinion. Petitioner appealed, arguing that post-conviction relief counsel rendered constitutionally ineffective assistance, the trial court unconstitutionally failed to address the ineffectiveness of post-conviction relief counsel, trial and appellate counsel on direct appeal were ineffective, the trial court violated Petitioner's Sixth Amendment right to trial by jury by increasing Petitioner's sentence on the basis of aggravating factors that were not found beyond a reasonable doubt by the jury. State v. Jenkins, No. A-4687-

03T4 slip op. (App. Div. July 1, 2005). On July 1, 2005, the Appellate Division affirmed. Id. On October 26, 2005, the New Jersey Supreme Court denied certification. State v. Jenkins, 185 N.J. 299 (2005) (table).

Petitioner executed the Petition which is now before the Court on January 31, 2006. The Clerk received it on February 3, 2006. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). The Petition presents four grounds:

> Ground One: APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT PRESENTING A CHALLENGE TO THE TRIAL COURT'S DECISION TO CHARGE THE JURY ON THE OFFENSES OF ROBBERY OF KAREN NELSON AND CARJACKING (OF NELSON AND JAMES KEY).
>
> Ground Two: APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT CHALLENGING TRIAL COUNSEL'S INEFFECTIVENESS.
>
> Ground Three: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CALL THOMAS CRAWFORD AS A WITNESS.
>
> Ground Four: PETITIONER WAS SENTENCED IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO TRIAL BY JURY AS DEFINED IN APPRENDI V. NEW JERSEY AND BLAKELY V. WASHINGTON.

(Pet. Addendum, Grounds For Relief.)

The State filed an Answer seeking dismissal of the Petition on the merits. Petitioner did not file a reply to the Answer.

## II. STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

A district court must give deference to determinations of state courts. See Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295

F.3d 361, 368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits"[1] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "contrary to" a Supreme Court holding if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.[2] Id. at 409-10.

---

[1] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (citations and internal quotation marks omitted), reversed on other grounds sub nom. Rompilla v. Beard, 545 U.S. 374 (2005). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla, 355 F.3d at 247.

[2] "[D]ecisions of federal courts below the level of the United States Supreme Court may be helpful to [a court] in ascertaining the reasonableness of state courts' application of clearly

(continued...)

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

### III. DISCUSSION

A. Ineffective Assistance of Counsel

Petitioner presents ineffective assistance of counsel claims in Grounds One, Two and Three. In Ground Three, Petitioner argues that trial counsel was constitutionally ineffective in failing to call Thomas Crawford, Petitioner's co-defendant, as a witness. As factual support, Petitioner asserts that Crawford would have testified that Petitioner was not involved in the crimes.

The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. See Strickland v. Washington, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. Id. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. "A convicted defendant making a claim of ineffective assistance

---

²(...continued)
established United States Supreme Court precedent, as well as helpful amplifications of that precedent." Marshall v. Hendricks, 307 F.3d 36, 71 n.24 (3d Cir. 2002) (citations and internal quotation marks omitted).

must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id. Second, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

Petitioner presented Ground Three on post conviction relief, supported by the certification of Thomas Crawford a/k/a Thomas Cross, stating that Crawford had been mistaken in identifying Petitioner as his accomplice when providing a factual basis for his guilty plea to charges arising from the incident, and that Petitioner was not involved in the incident. The Appellate Division rejected the ineffective assistance of counsel claim for the reasons expressed by the trial judge in his written opinion and with the following comments:

> Defendant did, in fact, supplement the record by submitting the certification of Thomas Cross in support of his claim of inadequate investigation, and the judge considered that certification, finding that a new trial was not warranted either on the basis of newly discovered evidence or the ineffectiveness of trial counsel, since any testimony of Cross consistent with his certification would have been more harmful than helpful and thus would not have changed the jury's verdict in a manner favorable to defendant. If Cross had taken the stand, the factual basis for his pleas, which strongly implicated defendant as an accomplice, would have been placed before the jury, thereby increasing the likelihood that defendant would have been found guilty on all charges as set forth in the indictment. Defendant did not further supplement the record, although afforded the opportunity to do so. We thus find any further arguments based upon Greenman's failure to consult and failure to investigate to have been waived . . . . To the extent that defendant's appeal can be construed as claiming error in Judge Goldman's evaluation of the legal merits of defendant's PCR

> petition, we disagree, and affirm substantially on the basis of his written opinion of October 27, 2003.

State v. Jenkins, Docket No. A-4687-03T3 slip op. at pp. 11-12.

The trial court rejected this ineffective assistance claim on the following basis:

> Where the claim of ineffective assistance of counsel is predicated upon the failure to call certain witnesses who would have exculpated him, a petitioner must provide details of the omitted testimony, preferably supported by certifications from the omitted witnesses . . . Petitioner must demonstrate a reasonable likelihood of succeeding under the two-prong test set out by the United States and New Jersey supreme courts. The certification from [Crawford] does not meet that test. First of all, there is no evidence that [Crawford] would have been willing to testify on behalf of Jenkins when his trial took place or even now. PCR counsel's unsworn assertion to that effect in a cover letter is not evidence. Second, [Crawford's] testimony would have been disastrous for Jenkins. Remember that [Crawford] had previously identified Jenkins as his accomplice under oath at his plea. Were [Crawford] to have testified at Jenkins' trial, his prior statement under oath identifying Jenkins as his accomplice would have been admissible . . . . Moreover, his admission would have corroborated important parts of the testimony of Nelson and Key. Jenkins would have a better argument for ineffective assistance of counsel if Greenman _had_ called [Crawford] as a witness. The result would probably have been a conviction on one of the first degree crimes and with a mandatory Graves extended term, a life sentence.
>
> Substantively, the benchmark for judging ineffective assistance of counsel claims is whether counsel's conduct changed the outcome of the trial. Strickland v. Washington . . . . Specifically, under the Strickland-Cronic-Fritz test a petitioner must show (1) that counsel's performance was deficient, and (2) that there exists "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Preciose, 129 N.J. at 463-64 (quoting Strickland, 466 U.S. 668 (1984)).

State v. Jenkins, Ind. Esx. 95-08-2760 slip op. at 10-11 (N.J. Super., Law Div., Oct. 27, 2003).

8

Petitioner is not entitled to habeas relief on his ineffective assistance of trial counsel claim in Ground Three because he has not shown that the adjudication of the claim by the New Jersey courts resulted in a decision that was contrary to, or involved an unreasonable application of, <u>Strickland</u> and its progeny.

In Grounds One and Two, Petitioner argues that counsel on direct appeal was constitutionally ineffective. In Ground One, Petitioner contends that appellate counsel's failure to challenge the trial court's denial of Petitioner's motion for judgment of acquittal on the carjacking and first degree robbery charges was deficient performance. As factual support, Petitioner asserts:

> Appellate counsel erred by not challenging the trial court's decision to instruct the jury on the offenses of carjacking and the robbery relating to Nelson because, although Petitioner was acquitted [on these charges and convicted of lesser included offenses], the instructions on these offenses[,] which had no support in the evidence, had the capacity to create a compromise verdict. <u>State v. Christener</u>, 71 N.J. 55 (1995), defines as error such conduct by a trial court, and appellate counsel should have raised a <u>Christener</u> claim on appeal.

(Pet. Addendum, Ground One, Supporting Facts.)

In Ground Two, Petitioner asserts that appellate counsel was ineffective in failing to challenge trial counsel's concession of three aggravating factors at sentencing. As factual support, Petitioner asserts:

> At sentencing, trial counsel conceded that three aggravating factors applied to Petitioner: the risk Petitioner would commit another crime, the seriousness of his prior record, and the need for deterrence . . . . The trial court used these factors in fixing the maximum term of Petitioner's sentence.

(Pet. Addendum, Ground Two, Supporting Facts.)

9

The Fourteenth Amendment guarantees a criminal defendant pursuing a first appeal as of right certain "minimum safeguards necessary to make that appeal 'adequate and effective,'" Evitts v. Lucey, 469 U.S. 387, 392 (1985) (quoting Griffin v. Illinois, 351 U.S. 12, 20 (1956)), including the right to the effective assistance of counsel, id. at 396. The ineffective assistance of counsel standard of Strickland, 466 U.S. at 686, applies to a claim that appellate counsel was ineffective. See Smith v. Robbins, 528 U.S. 259, 285 (2000); United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002).

Defense counsel has a constitutionally imposed duty to consult with the defendant about whether to appeal when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). The term "'consult' convey[s] a specific meaning - advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Flores-Ortega at 478.

The alleged failure to consult with Petitioner is based on counsel's failure to present certain claims, i.e., failure to challenge the denial of Petitioner's motion for judgment of acquittal of carjacking and first degree robbery, and failure to challenge trial counsel's concession at sentencing regarding the existence of three aggravating factors. However, "it is a well established principle that counsel decides which issues to pursue on appeal." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996). Appellate counsel is not constitutionally required to raise every nonfrivolous claim requested by the defendant. See Jones v. Barnes, 463 U.S. 745, 751 (1983). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but

10

rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000).

Moreover, the Appellate Division rejected these claims on Petitioner's appeal from the denial of post-conviction relief. The Appellate Division determined that Ground One lacked sufficient merit to warrant discussion in a written opinion, and rejected Ground Two as follows:

> We likewise reject defendant's argument that the representation of appellate and PCR counsel was inadequate since neither raised on appeal trial counsel's allegedly "inexplicable and erroneous sentencing concession" that aggravating factors 3 (the risk that defendant would commit another offense), and 6 (his prior record) and 9 (the need for deterrence) (see N.J.S.A. 2C:44-1a(3), (6) and (9)) applied to defendant. We find counsel's strategic concession to have been reasonable, in light of his attempt to focus the court's attention on the applicability [of] mitigating factors (1) (that defendant's conduct neither caused nor threatened serious harm) and (2) that he did not contemplate that his conduct would cause or threaten serious harm. See N.J.S.A. 2C:44-1b(1) and (2) . . . . moreover, in light of defendant's prior record of conviction on three indictable offenses, the escalating seriousness of his offenses, and h is crime spree in the spring and summer of 1995 that included murder, assault, robbery and carjacking, there is no doubt that the judge would have independently found these three aggravating factors, regardless of any concession by counsel . . . . We find nothing to suggest that counsel's "concession" played a role in these determinations, which were instead premised upon the judge's knowledge of defendant and his history of crime.

State v. Jenkins, Docket No. A-4687-03T4 slip op. at 16-17.

Under these circumstances, Petitioner cannot show that the adjudication of his ineffective assistance of appellate counsel claim was contrary to, or involved an unreasonable application of, Strickland or other Supreme Court precedent. See Buehl v. Vaughn, 166 F.3d 163, 172 (3d Cir. 1999) (rejecting claim that right to effective assistance of counsel on direct appeal was violated by appellate counsel's failure to argue that trial counsel had rendered ineffective assistance).

11

B. Blakely Claim

In Ground Four, Petitioner argues that the trial court violated his Sixth Amendment right to trial by jury under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), by increasing his sentence beyond the presumptive term by finding four aggravating factors, which were not found by a jury beyond a reasonable doubt.

The Supreme Court's 2004 ruling in <u>Blakely</u> evolved from <u>Apprendi</u>. In <u>Apprendi</u>, the Supreme Court determined that Apprendi had a constitutional right to have a jury, rather than a judge, find bias because the finding was necessary to support an enhanced sentence under the New Jersey hate crimes law. The Supreme Court reversed Apprendi's sentence pursuant to the principle that, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 476 (quoting <u>Jones</u>, 526 U.S. at 243 n.6). In 2002, the Supreme Court held in <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), that imposition of the death penalty under Arizona law violated <u>Apprendi</u> because the trial judge determined the presence or absence of aggravating factors required by Arizona law for imposition of the death penalty. <u>Ring</u>, 536 U.S. at 602. On June 24, 2004, the <u>Blakely</u> Court determined that application of Washington's sentencing guidelines violated the defendant's rights under <u>Apprendi</u>. The <u>Blakely</u> Court announced that "the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" <u>Blakely</u>, 124 S.Ct. at 2537 (emphasis in original) (citations omitted). In 2005, the Supreme Court determined in <u>United States v. Booker</u>, 543 U.S. 220 (2005), that

application of the Federal Sentencing Guidelines violates the Sixth Amendment because the guidelines require the judge to enhance the sentence based on the judge's determination of facts that were not found by the jury or admitted by defendant.

As a matter of federal constitutional law, "a new rule for the conduct of criminal prosecutions is to be applied . . . to all cases . . . pending on direct appeal or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." Griffith v. Kentucky, 479 U.S. 314, 328 (1987). The Supreme Court emphasized in United States v. Booker, 543 U.S. at 268, that its Sixth Amendment holding regarding the Sentencing Guidelines must be applied to all cases on direct review as of the date of its Booker decision (not the date of its Apprendi decision). Accord Schriro v. Summerlin, 542 U.S. 348, 351 (2004) ("When a decision of this Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review . . . . As to convictions that are already final, however, the rule applies only in limited circumstances"). Ordinarily, "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.'" Beard v. Banks, 542 U.S. 406, 411 (2004) (quoting Caspari v. Bohlen, 510 U.S. 383, 390 (1994)).

The Supreme Court's ruling in Blakely does not apply to Petitioner's case as a matter of federal constitutional law because the decision was issued on June 24, 2004, after Petitioner's conviction had become final on February 21, 2001, 90-days after the New Jersey Supreme Court denied certification on direct appeal. See Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (because Ring v. Arizona "altered the range of permissible methods for determining whether a

13

defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment," it was a "prototypical procedural rule" that did not apply retroactively to cases already final on direct review); Warren v. Kyler, 422 F.3d 132 (3d Cir. 2005) (Booker line of cases is not applicable retroactively to cases on collateral review under § 2254); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) (Booker, which applied the Blakely rule to the federal sentencing guidelines, is not retroactively applicable to cases on collateral review). Accordingly, the Appellate Division correctly rejected the Blakely claim on the ground that "the Supreme Court's decisions in Apprendi, Ring, and Blakely do not apply retroactively to this case, which comes before us on collateral review." State v. Jenkins, Docket No. A-4687-03T4 slip. op at 18. This Court finds that the New Jersey courts' adjudication of Petitioner's Blakely claim was not contrary to, or an unreasonable application of, Supreme Court precedent.

C.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

_____
STANLEY R. CHESLER, U.S.D.J.

DATED: _____, 2007